IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH E. MONTEIL, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civ. No. 04-00855-CV-W-NKL |
| | ) | Crim. No. 03-00270-CR-W-NKL |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Pending before the Court is Joseph E. Monteil's ("Monteil") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. # 4]. For the reasons set forth below, the Court denies Monteil's Motion.

**I.    Background**

On July 26, 2003, Tracy Noe ("Noe") contacted police officers in Independence, Missouri, because she had forgotten where she parked her car. When Noe and the officers located her vehicle, Monteil was sitting in the passenger seat of the car. Noe gave the officers permission to search the vehicle and the officers found narcotics in the car, as well as a device with a three and three quarter inch fuse that was secured in a $CO_2$ cartridge that extended beyond duct tape so it could be lit with an open flame source. Inside the device, officers found 39 grams of black gun powder substitute and Monteil described the device as a "homemade hand grenade." The officers interviewed Noe and she indicated that Monteil had sold her methamphetamine on approximately 20 to 30

1

occasions.

In August 2003, the Government charged Monteil with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c).

In January 2004, Monteil pleaded guilty to the charge, pursuant to a written plea agreement with the Government. In the plea agreement, Monteil admitted that at the time of his arrest he possessed 21 grams of methamphetamine, 112 grams of marijuana, and plastic baggies that were commonly used for the packaging and distribution of narcotics. Monteil further admitted that at the time of his arrest he also possessed a device that could be considered a dangerous weapon. In another section of his plea agreement, Monteil again agreed that at the time of the offense he possessed a dangerous weapon and that his sentence should be enhanced by two levels pursuant to section 2D1.1 of the federal sentencing guidelines.

The Pre-Sentence Investigation Report ("PSIR") included the two-level enhancement for Monteil's possession of a dangerous weapon at the time of the offense. Monteil's counsel filed written objections to the enhancement contained in the PSIR, but he withdrew his objection to the enhancement at the sentencing hearing after acknowledging that the enhancement was a condition of the plea agreement. *See* Sentencing Tr. 2-3. After Monteil's counsel withdrew the objection, the Court asked Monteil if he agreed with his counsel's statement and Monteil confirmed that he assented to the withdrawal of the objection. Sentencing Tr. 3.

At the sentencing hearing, the Court adopted the two-level enhancement based on Monteil's possession of a dangerous weapon and ordered Monteil imprisoned for 37 months, followed by three years of supervised release. Monteil did not appeal his sentence.

Monteil's current Motion alleges two grounds for relief: (1) that he was entitled to a mitigating role reduction pursuant to section 3B1.2 of the federal sentencing guidelines, and (2) that the sentencing enhancement for possession of a dangerous weapon was erroneous because the device was not a dangerous weapon and the enhancement violated the rule espoused in *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

## II. Evidentiary Hearing

On a motion to vacate, a movant is entitled to an evidentiary hearing when the facts alleged, if true, would entitle him to relief. *Payne v. United States*, 78 F.3d 343 (8th Cir. 1996) (citations omitted). However, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face. *Id*. Moreover, a district court need not hold an evidentiary hearing in a section 2255 case when the files and records conclusively show that the movant is not entitled to relief. *See Bradshaw v. United States*, 153 F.3d 704 (8th Cir. 1998). After reviewing the records and files, the Court concludes that all of Harris's claims can be fully and fairly evaluated on the existing record and no evidentiary hearing is necessary.

## III. Discussion

### A. The Mitigating Role Reduction

3

Section 3B1.2 of the federal sentencing guidelines, commonly known as the "Mitigating Role Reduction," allows a court to decrease a defendant's sentencing level where the defendant is a "minimal" or "minor" participant. U.S.S.G. § 3B1.2. The Comment to section 3B1.2 states,

> This guideline is not applicable unless more than one participate was involved in the offense . . . . Accordingly, an adjustment under this guideline may not apply to a defendant who is the only defendant convicted of an offense unless the offense involved other participants in addition to the defendant and the defendant otherwise qualifies for such an adjustment.

*Id.* at Comment ¶ 2. This requirement is logical because classifying a defendant's conduct as "minimal" or "minor" is a matter of degree that inherently requires another participant. Indeed, a defendant cannot play a small part in an offense unless there is another participant who counterbalances the defendant and plays a "significant" or "major" role.

Monteil was not charged with nor did he plead guilty to an offense that involved other participants (i.e., conspiracy) and the Government did not charge any other defendants in connection with Monteil's conduct. The only indication that another individual may have been involved was the presence of Noe at the time of Monteil's arrest. However, the evidence reflects that Noe was purchasing narcotics from Monteil-- not helping him deal the narcotics. Therefore, Noe was not a co-participant with Monteil. Because no other individual was involved in the offense that gave rise to Monteil's guilty plea, section 3B1.2 does not apply to Monteil's sentence.

Monteil argues that he is entitled to the Mitigating Role Reduction because his

4

criminal history is "extremely minimal" and he "remorsefully accepted responsibility for his actions . . . ." These arguments have no bearing on the Mitigating Role Reduction provision found in the federal sentencing guidelines. Instead, they focus on the scope of the Court's sentence and, because Monteil has not averred any basis for showing that his sentence violated his constitutional rights, the Court will deny this ground for relief in Monteil's Motion.

### B. Possession of a Dangerous Weapon

In accordance with section 2D1.1(b)(1) of the federal sentencing guidelines, the Court enhanced Monteil's sentence by two levels because he was in possession of a dangerous weapon at the time of his arrest. At sentencing, Monteil waived any objection to that enhancement and, therefore, is not entitled to habeas relief on this ground. However, even if the Court had considered the objection at sentencing, it would have overruled the objection. Monteil initially argues that he "passively possessed" the weapon because it was in the back seat of the vehicle while he was seated in the front passenger seat of the vehicle; however, the evidence reflects that the officers removed the device from the front seat of the vehicle. Monteil also argues that the weapon was a "device used for recreational purposes" and should not be considered a dangerous weapon.

#### 1. *The Weapon*

The federal sentencing guidelines define "dangerous weapon" as "(i) an instrument capable of inflicting death or serious bodily injury, or (ii) an object that is not an

5

instrument capable of inflicting death or serious bodily injury but (I) closely resembles such an instrument, or (II) the defendant used the object in a manner that created the impression that the object was such an instrument." *See* U.S.S.G. § 1B1.1 at Application Note 1(D).

The device found in the vehicle contained a three and three quarter inch fuse that was secured in a CO2 cartridge that extended beyond duct tape so that it could be lit with an open flame source. The device contained black gun powder substitute and Monteil himself described the device as a "homemade hand grenade." Even assuming Monteil is correct that the device was not dangerous, it nonetheless had the appearance of a dangerous weapon that was capable of inflicting harm because it contained a fuse connected to a CO2 cartridge, it contained an explosive material, and Monteil described it as a "grenade." Therefore, the Court finds that the device was a "dangerous weapon" for purposes of the federal sentencing guidelines and rejects Monteil's ground for relief.

### 2. *Blakely* and *Booker*

Monteil also argues that the enhancement based on his possession of the dangerous weapon was unconstitutional in light of *Blakely*. The Supreme Court in *Blakely* held that all facts essential to punishment must be proved beyond a reasonable doubt to a jury *unless the fact was admitted by the defendant* or there has been an effective waiver of the right to trial by jury. *Blakely*, 124 S. Ct. 2531 (emphasis added). In his plea agreement and at the sentencing hearing, Monteil admitted that he possessed the device and he acquiesced to the Court's imposition of the two-point enhancement based on this

6

possession. Therefore, it was not necessary to submit the enhancement to a jury because Monteil admitted to the facts underlying the enhancement and *Blakely* does not apply to Monteil's two-level enhancement for possession of a dangerous weapon.

Similarly, the Supreme Court's decision in *United States v. Booker* does not assist Monteil. 125 S. Ct. 738 (2005). The Court's decision in *Booker* was released during the pendency of Monteil's Motion and this Court ordered the parties to submit supplemental briefing regarding the applicability of *Booker*. As the Government points out, *Booker* does not apply to cases where a defendant has admitted the facts underlying his sentencing enhancement. *See Booker*, 125 S. Ct. at 756; *United States v. Paine*, __ F.3d __, 2005 WL 1162446 at *3 (8th Cir. May 18, 2005) ("[the defendant's] Sixth Amendment claim fails if he admitted the facts necessary to support the sentence imposed.") (citing *Booker*); *United States v. McCully*, __ F.3d __, 2005 WL 1123557 (8th Cir. May 13, 2005); *United States v. Arnold*, 2005 WL 1083446 (8th Cir. May 10, 2005). Thus, because Monteil admitted the facts underlying the dangerous weapon enhancement, *Booker* provides him no relief.

Because the Court finds no merit for either ground for relief asserted in Monteil's Motion, the Court will deny the Motion.

**IV. Conclusion**

Accordingly, it is hereby

ORDERED that Monteil's Motion to Vacate, Set Aside, or Correct Sentence [Doc. # 4] pursuant to 28 U.S.C. § 2255 is DENIED.

7

s/ Nanette K. Laughrey
                                                            NANETTE K. LAUGHREY
                                                            United States District Judge

DATED:  May 25, 2005
Jefferson City, Missouri

8